UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REES D. JONES,

          Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. 25-cv-04508-NW

**ORDER RE: SOCIAL SECURITY APPEAL**

Re: ECF No. 11

Plaintiff Rees D. Jones ("Plaintiff" or "Jones") seeks judicial review of the final decision by an Administrative Law Judge ("ALJ") denying his application for Title II and Title XVI disability benefits. ECF No. 1.[1] Plaintiff moved for summary judgment and the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") opposed the motion. *See* ECF Nos. 11, 17.

Plaintiff argues that the ALJ erred by improperly finding his medical impairments to be non-severe; improperly rejecting his testimony; and not supporting its step four finding with substantial evidence. ECF No. 11-1 at 7. The Court finds that the ALJ did not err in finding Plaintiff's medical impairments to be non-severe, nor in rejecting Plaintiff's testimony, and finds that substantial evidence supported the ALJ's determination, including its step four finding. Pursuant to Civil Local Rule 16-5, the matter is submitted for decision without oral argument. The Court DENIES Plaintiff's motion and AFFIRMS the Commissioner's decision.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

## I.   BACKGROUND[2]

On July 12, 2022, Plaintiff filed an application for disability insurance benefits under Title II and Part A of Title XVIII for a period beginning on January 3, 2022.  ECF No. 10-1 at 19.  Plaintiff's claim was denied initially on December 16, 2022, and denied again on reconsideration on July 17, 2023.  *Id.*  After the second denial, Plaintiff requested a hearing before an ALJ.  *Id.*  Plaintiff appeared with counsel for a telephone hearing before ALJ Kevin Gill on March 7, 2024.  *Id.*

The ALJ issued an unfavorable decision on May 28, 2024.  *Id.* at 28.  The ALJ considered "whether the claimant is disabled under sections 216(i) and 223(d) of the Social Security Act" and concluded that "the claimant has not been under a disability within the meaning of the Social Security Act from January 3, 2022, through the date of this decision."  *Id.* at 19, 28.  To reach this determination, the ALJ followed the five-step sequential process pursuant to 20 C.F.R. § 404.1520(a) after finding Plaintiff met the insured status requirements of the Social Security Act through March 31, 2027.  ECF No. 10-1 at 19.  At the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period.  *Id.* at 21.  At step two, the ALJ identified that Plaintiff had severe, medically determinable impairments including osteoarthritis (OA) in both knees and obesity.  *Id.*  At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  *Id.* at 23.  At step four, the ALJ first found that Plaintiff had

> the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with additional limitations: the claimant can lift/carry 10 pounds occasionally and less than 10 pounds frequently; sit for at least 8 hours in an 8-hour day; stand for up to 2 hours and walk for 2 hours total in an 8-hour day; push/pull as much as can lift/carry; can climb ramps and stairs occasionally; never climb ladders, ropes, scaffolds; and balance, stoop, kneel, crouch, and crawl occasionally.

*Id.* at 23-24.  The ALJ then found Plaintiff was "capable of performing past relevant work as a

---

[2] The factual background is drawn primarily from the Administrative Record, filed at ECF No. 10-1.

dispatcher. This work does not require the performance of work-related activities precluded by the [Plaintiff's] residual functional capacity." *Id.* at 27.  Accordingly, the ALJ concluded that Plaintiff was not disabled because he is "able to perform [the work of a dispatcher] as actually and generally performed." *Id.*

On June 11, 2024, Plaintiff appealed the ALJ's decision to the Social Security Appeals Counsel.  ECF No. 10-1 at 155-157.  The Appeals Counsel denied Plaintiff's request for review on April 10, 2025. *Id.* at 5-8.  Plaintiff then sought review in this Court pursuant to 42 U.S.C. § 405(g) on May 28, 2025.  ECF No. 1.  In accordance with the Supplemental Rules for Social Security Action Under 42 U.S.C. § 405(g), the parties filed cross briefs on appeal.  ECF Nos. 11-1, 17, 21.

## II.    LEGAL STANDARD

Under the Social Security Act, a claimant is considered "disabled" if they meet two requirements.  *See* 42 U.S.C. § 423(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *see also* 42 U.S.C. § 1382c(a)(3)(A)-(C) (the analysis is substantially similar under Title II and Title XVI).  First, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C § 423(d)(1)(A).  Second, the impairment or impairments must be severe enough that the claimant is unable to perform their previous work and cannot, based on their age, education, and work experience "engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis, examining: (1) whether the claimant is engaging in "substantial gainful activity;" (2) whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted for more than 12 months; (3) whether the impairment "meets or equals" one of the listings in the regulations; (4) whether, given the claimant's "residual function capacity," the claimant can still do his "past relevant work'" and (5) whether the claimant "can make an adjustment to other work."  *Molina v. Astrue*, 674 F.3d 1104,

United States District Court
Northern District of California

1110 (9th Cir. 2012); *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

An ALJ's "decision to deny benefits will only be disturbed if it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks and citation omitted). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id*. Simply put, "[i]n Social Security cases, federal courts 'are not triers of fact'," *M. L. v. Kijakazi*, No. 20-CV-07919-RS, 2023 WL 1927735, at *3 (N.D. Cal. Feb. 10, 2023) (citations omitted), and if the record "can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014) (internal quotation marks and citation omitted). "Finally, [a district court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. District courts have the power to enter a judgment, "upon the pleadings and transcript of the record," with or without remanding the complaint for a rehearing. 42 U.S.C. § 405(g).

## III.    DISCUSSION

Plaintiff seeks reversal of the ALJ's decision on three grounds: (1) the ALJ improperly found Plaintiff's mental impairments to be non-severe; (2) the ALJ improperly rejected Plaintiff's testimony; and (3) the ALJ's step four finding was not supported by substantial evidence.

### A.    Whether the ALJ Properly Found Plaintiff's Mental Impairments Non-Severe

Plaintiff asserts that the ALJ erred in finding that "Jones has medically determinable mental impairments, including anxiety and depressive disorder" but they are not severe. ECF No. 11-1 at 15-16. In so finding, Plaintiff argues that the ALJ improperly "selectively rel[ied] on those portions of the record that seemingly favor a finding of nondisability." *Id.* at 16.

At step two, claimant bears the burden of providing evidence of a medically determinable physical or mental impairment that is severe and that has lasted or can be expected to last for a continuous period of at least twelve months. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005); *see also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). "An impairment or combination

United States District Court
Northern District of California

United States District Court
Northern District of California

of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a).  "Basic work activities" are "the abilities and aptitudes necessary to do most jobs," including "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling."  20 C.F.R. § 404.1522(b).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (cleaned up).  The ALJ "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  *Id.* at 1279 (citing *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir.1985)).

Importantly, at the step two inquiry, "the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe."  *Smolen*, 80 F.3d at 1290.  If the ALJ finds a severe impairment or impairments exits, the ALJ must consider all impairments—severe and non-severe—in the subsequent steps.  20 C.F.R. § 416.923(c) ("In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."); *see also* 20 C.F.R. § 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity.").  "Even if an ALJ errs by failing to include an impairment as severe at step two, when an ALJ nonetheless considers limitations resulting from the impairment in formulating the RFC, any error in not considering the impairment to be severe is harmless."  *Woods v. Comm'r of Soc. Sec.*, No. 1:20-CV-01110-SAB, 2022 WL 1524772, at *4 (E.D. Cal. May 13, 2022).

Here, the ALJ's conclusion that "claimant's medically determinable mental impairments of anxiety and depressive disorder, . . .do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere," is supported by

substantial evidence and not based on legal error. ECF No. 10-1 at 22. In his Decision, the ALJ cites to multiple evidentiary sources indicating that Plaintiff's mental impairments resulted in "no more than mild limitations." *Id.* at 23. Indeed, the ALJ notes "[t]he overall record shows stabilization of psychiatric issues with medication/treatment and therapy." *Id.* at 22. Contrary to Plaintiff's argument, the ALJ did not "improperly extract[] from the record only the few treatment notes indicating Jones was 'doing well' while overlooking all of the treatment notes showing his ongoing functional deficits related to depression and anxiety." ECF No. 11-1 at 17. Instead, the ALJ stated, "[t]hroughout [the] therapy notes from August 2023 through February 2024, the provided diagnosis was 'major depressive disorder, recurrent, mild.'" ECF No. 10-1 at 22. Additionally, the ALJ commented that

> Though the claimant reported experiencing specific stressors throughout these appointments related to specific situational factors such as relationship issues with a girlfriend and his brother's wedding, as well as mental health issues being largely secondary to physical pain and limitations, he also repeatedly reported no significant issues in completing activities of daily living, had full orientation, and denied suicidal/homicidal ideation.

*Id.* at 22-23. These statements indicate that the ALJ considered the whole of Jones's therapy notes, rather "cherry-picking" the record as Plaintiff asserts.

Additionally, based on a review of the ALJ's RFC analysis, the ALJ sufficiently discussed Plaintiff's mental impairments of anxiety and depression and their combined impacts on his ability to function. For example, the ALJ again discusses the August 2023 to February 2024 therapy notes and finds that they "support a finding of no more than mild limitations under the 'B criteria' as discussed above." ECF No. 10-1 at 26. Therefore, while the ALJ did not expressly find Plaintiff's mental impairments to be severe at step two, if this was an error, then it would be harmless.

**B.      Whether the ALJ Properly Rejected Plaintiff's Testimony**

Plaintiff argues that the ALJ "discounted [his] testimony primarily because the ALJ asserted the objective evidence was not consistent with the degree of limitation [Plaintiff] described." ECF No. 11-1 at 20.

6

United States District Court
Northern District of California

In general, credibility determinations are the province of the ALJ. "It is the ALJ's role to resolve evidentiary conflicts. If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld." *Allen v. Sec'y of Health & Hum. Servs.*, 726 F.2d 1470, 1473 (9th Cir. 1984) (citations omitted). An ALJ is not "required to believe every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (citing 42 U.S.C. § 423(d)(5)(A)) *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted). "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id*. (internal quotation marks and citation omitted). If the ALJ's assessment "is supported by substantial evidence in the record, [district courts] may not engage in second-guessing." *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If an ALJ discredits a claimant's subjective symptom testimony, the ALJ must articulate "specific, cogent reasons" for their credibility determination. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). In evaluating a claimant's credibility, the ALJ "must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Greger*, 464 F.3d at 972 (quotations omitted); *see also Thomas*, 278 F.3d at 958 (ALJ must articulate reasons that are "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony"). The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284.

7

Here, applying the two-step analysis, the ALJ first determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." ECF No. 10-1 at 25. Next, given that Plaintiff satisfied the first part of the test, and the ALJ found no evidence of malingering, the ALJ was required to provide "specific, clear and convincing reasons for" discrediting Plaintiff's testimony regarding the severity of his symptoms. *Lingenfelter*, 504 F.3d at 1036. The ALJ reasoned that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained throughout this decision." ECF No. 10-1 at 25. The ALJ then proceeded to specify the reasons for discrediting Plaintiff's symptom testimony.

First, in explaining why he discredits Plaintiff's testimony, the ALJ notes that in early 2022, Plaintiff reported a number of physical symptoms, nearly all of which were aggravated by standing and walking. Yet, multiple objective examinations demonstrated "normal gait and normal musculoskeletal development, normal strength and sensation, normal posture, 5/5 strength in all four extremities, normal joint motion including the left ankle, no tenderness to palpation other than diffuse tenderness to palpation to global forefoot lesser metatarsophalangeal joints, no foot edema, and body mass index (BMI) of 61.28." *Id*. The ALJ also detailed how in January 2022, a left foot x-ray "showed soft tissue swelling but no other abnormalities" and in February 2022, "[r]adiographs of the knees showed severe osteoarthritis in the bilateral knees." *Id.* The ALJ noted that "limiting the claimant to a reduced range of sedentary exertion accounts for such positive objective findings." *Id.*

In September 2022, Plaintiff was again examined after reporting worsening "bilateral knee pain with prolonged standing and walking." *Id.* The exam revealed some tenderness, but full muscle strength. In addition, "[x]-rays of the bilateral knees showed severe degenerative changes, no significant joint effusion, and no acute fracture or dislocation." *Id.* The ALJ stated that "the residual functional capacity (RFC) above accounts for such positive findings regarding OA in the bilateral knees and obesity." ECF No. 10-1 at 25. Additionally, the September examination showed Plaintiff's mood and affect were good. In November 2022, Plaintiff "reported feeling

8

depressed secondary to weight and medical problems like pain in the knees and difficulty exercising." *Id.*  Overall, the ALJ found that the "therapy notes [and] mental status evaluations throughout the record [were] largely within normal limits, and the record reflect[ed] that [Plaintiff's] psychiatric issues are largely secondary to specific situational stressors or physical issues/limitations." *Id.* at 26.  Finally, the ALJ noted that "[n]othing in the 'significant objective findings' . . . indicate[s] a need to sit less than 8 hours." *Id.* at 27.

This cumulative detail by the ALJ amounts to "specific, clear and convincing reasons for" discrediting Plaintiff's testimony regarding the severity of his symptoms.  *Lingenfelter*, 504 F.3d at 1036.  Therefore, the ALJ's determination that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained throughout this decision" is upheld.  ECF No. 10-1 at 25.

### C.  Whether the ALJ's Step Four Finding was Supported by Substantial Evidence

Plaintiff challenges "the ALJ's finding at step four that [Plaintiff] could return to his skilled, sedentary past relevant work as a dispatcher," on two separate grounds.  ECF No. 11-1 at 23.  First, Plaintiff argues the ALJ erred because he "discounted the opinions of the state agency reviewing doctors who had opined [Plaintiff] would be limited to sitting for six hours in an eight-hour workday." *Id.* at 24.  Second, Plaintiff asserts that the ALJ failed to pose a complete hypothetical question to the vocational witness ("VW").  *Id.* at 25.

### 1.  Support for the ALJ's RFC Finding

An "RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (citation omitted).  It is "the most [a claimant] can still do despite [their] limitations."  20 C.F.R. § 416.945(a)(1).  It is first used at step four to decide whether an individual can do relevant past work.  20 C.F.R. § 416.945(a)(5)(i).

The RFC assessment must be "based on all the relevant evidence in [the] case record."  20

United States District Court
Northern District of California

C.F.R. § 416.945(a)(1). An ALJ should consider the relevant medical evidence, including "any statements about what [a claimant] can still do that have been provided by medical sources, whether or not they are based on formal medical examinations," and "descriptions and observations of [the claimant's] limitations from [their] impairment(s), including limitations that result from [their] symptoms, such as pain." § 416.945(a)(3). "The ALJ must consider a claimant's physical and mental abilities, . . . as well as the total limiting effects caused by medically determinable impairments and the claimant's subjective experiences of pain." *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014) (citations omitted).

Here, Plaintiff takes issue with the ALJ's step four finding that he could sit for eight hours instead of being limited to sitting for only six hours in an eight-hour workday. Plaintiff maintains that the ALJ did not cite evidence in the record "to support his RFC finding allowing for eight hours of sitting in a workday." ECF No. 11-1 at 24. The Court disagrees.

The ALJ found the state medical consultants' "limitation to 6 of 8 hours sitting [was] simply due to the definition of sedentary work, and not indicative of a medical determination that the claimant cannot sit for 8 hours, with usual breaks." ECF No. 10-1 at 26-27. In particular, the ALJ noted that "[t]he assessment of an ability to sit 'about 6 hours' is not a hard-lined limitation." *Id.* at 27. In support of these findings, the ALJ cited to the record, noting that "[n]othing in the 'significant objective findings' noted in [the state medical consultant's report] would indicate a need to sit less than 8 hours." *Id.* Indeed, the ALJ determined that the RFC limitations "overall generally account for the claimant's bilateral knee OA complicated by obesity, including limited ROM in the knees, pain, and some findings of mild swelling." *Id.*

Accordingly, the ALJ made the RFC assessment must be "based on all the relevant evidence in [the] case record" as required. 20 C.F.R. § 416.945(a)(1).

### 2.    Hypothetical Question to VW

Plaintiff asserts that the ALJ's fails "to pose a complete hypothetical question is reversible error." ECF No. 11-1 at 25. "Here, in posing the hypothetical question to the VW, the ALJ omitted [Plaintiff's] credible allegations, specifically the deficits in concentration, attendance, and social interaction related to Jones's mental impairments and the need to change positions from

sitting approximately every hour during the day." *Id.* "Because the VW's testimony that [Plaintiff] could perform the occupation identified by the ALJ was based on the ALJ's failure accurately to pose all of [his] limitations," Plaintiff argues, "the VW's testimony that [Plaintiff] can perform that occupation has no evidentiary value." *Id.*

At the hearing, the ALJ proposed two hypotheticals to the VW. He asked the VW to "assume a hypothetical individual of the Claimant's age and education and with those past jobs you described." ECF No. 10-1 at 53. The ALJ also added the following additional limitations:

> Further assume this individual is able to lift and carry ten pounds occasionally and less than ten pounds frequently; sit six hours in an eight-hour day; stand, walk two. This hypothetical individual is limited to occasional climbing ramps and stairs, never climbing ladders, ropes, and scaffolds; occasional balance, stoop, kneel, crouch, and crawl. Can this hypothetical individual perform any of those past jobs?

*Id.* ALJ then proposed a second hypothetical where the individual was "further limited to sitting just four hours in an eight-hour day." *Id.* at 54.

Plaintiff's counsel examined the VW immediately after the ALJ offered these hypotheticals. Yet, Plaintiff did not develop the VW's testimony any further or suggest the hypotheticals lacked "[Plaintiff's] credible allegations, specifically the deficits in concentration, attendance, and social interaction related to [his] mental impairments and the need to change positions from sitting approximately every hour during the day." ECF No. 11-1 at 25. Instead, Plaintiff's attorney asked whether the DOT said "exactly how many hours an individual sits or stands for the dispatcher position." ECF No. 10-1 at 54. Counsel then noted on the record that "the Occupational Requirement Survey from the Bureau of Labor Statistics states that at the 50th percentile, individuals sit 7.6 hours; at the 75th percentile, eight hours; and at the 90th percentile, 8.5 hours." *Id.* at 55-56.

The Court reviews "only issues which are argued specifically and distinctly." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994); *see also United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). As noted above, Plaintiff asserts that the ALJ failed to "pose a complete hypothetical question" but does not specify what additional information

United States District Court
Northern District of California

11

would have completed the hypothetical except for "[Plaintiff's] credible allegations" that Plaintiff failed to explore further at the hearing. ECF No. 11-1 at 25. Furthermore, even if Plaintiff had explored some additional limitations, the ALJ need not have necessarily considered them. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that [Plaintiff] had claimed, but had failed to prove.").

The Court finds the ALJ did not err in his asking of hypothetical questions, and that the hypothetical questions did not result in unreliable vocational testimony.

## IV.    CONCLUSION

Because the Court finds the ALJ's determination supported by substantial evidence and did not commit legal error, Plaintiff's motion for summary judgment is DENIED. The Court AFFIRMS the Commissioner's decision below.

The Court will enter judgment by separate order.

**IT IS SO ORDERED.**

Dated: April 20, 2026

Noël Wise
United States District Judge